1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRIAN WRIGHT,                                    )
                          Plaintiff(s),          )          Case No. 2:14-cv-01731-APG-NJK
vs.                                              )
                                                 )          ORDER
DETECTIVE AUGIAR, et al.,                        )
                                                 )          (Docket No. 1-1)
                          Defendant(s).          )
_____)

       Plaintiff Brian Wright is proceeding in this action *pro se*, requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1-1) on October 20, 2014.

       On January 26, 2015, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. Docket No. 4. The Court indicated that Plaintiff must pay the initial filing fee and, once that had been done, the Court would then screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). *Id*. As the Court has now received the initial filing fee, it proceeds with screening the Complaint.

**I.      SCREENING THE COMPLAINT**

       Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.*, at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A.    Factual Background[1]

Detective Augiar, a detective from the Henderson Police Department, began investigating a series of robberies and  obtained a search warrant for Plaintiff's girlfriend's home.  Docket No. 1-1, at 4.  Plaintiff alleges that the information used to obtain the warrant was inaccurate.  *Id.*, at 4.  After executing the search warrant, Detective Augiar found a gun  and arrested Plaintiff, even though Plaintiff did not live in the home.  *Id.*, at 4.

Plaintiff's case was dropped at the preliminary hearing in state court.  *Id.*, at 3.  Afterwards, Assistant United States Attorney Kimberly Frayn filed a complaint against Plaintiff in the United States District Court for the District of Nevada.  *Id.*, at 3.

. . .

---

[1] All facts discussed herein are taken from Plaintiff's Complaint, which the Court must accept as true for purposes of this screening order.

B.    Count I

In Count I, Plaintiff alleges that Detective Augiar violated his civil rights by obtaining an invalid search warrant for his girlfriend's home and taking him into custody illegally.  Docket No. 1-1, at 2, 4.  The relief sought is damages arising from his arrest.  *Id.*, at 9.  This is relief the Court cannot grant.

The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  In determining whether a § 1983 claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence.  *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011).  To the extent Plaintiff's claims arise from his indictment, they fall within the scope of the bar created by *Heck*.  Plaintiff has failed to allege that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question.  As a result, Plaintiff's claims stemming from his criminal conviction are dismissed with leave to amend.

Plaintiff also appears to attack the validity of the search warrant issued that led to his arrest.  The Ninth Circuit has applied *Heck* in the context of alleged Fourth Amendment violations.  *See, e.g.*, *Szajer*, 632 F.3d at 611.  Although the claim Plaintiff makes is not entirely clear, it appears that he disputes the propriety of his arrest that led to his current incarceration.  Without more coherent allegations specifically detailing the grounds on which Plaintiff is challenging the warrant, the Court is unable to determine whether such a claim survives *Heck* or otherwise provides sufficient ground for a valid claim to move forward.  Nonetheless, it appears that such claim may well be barred by *Heck*.  *See, e.g.*, *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him."); *see also Haack v. City of Carson City*, 2012 WL 396453, *6 (D. Nev. Sept. 10, 2012) (finding Fourth Amendment claim for arrest without probable cause barred by *Heck*).  As a result, Plaintiff's claims stemming from search warrant are also dismissed with leave to amend.

. . .

C.      Count II

In Count II, Plaintiff attempts to state a claim under 42 U.S.C. § 1983 against Assistant United States Attorney Kimberly Frayn, the federal prosecutor in his pending criminal case. *See* 2:14-cr-00357-APG-VCF. Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocates performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). *See also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) ("Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is "intimately associated" with the judicial phase of the criminal process"). However, prosecutors receive only qualified immunity for their "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 113 S.Ct. 2606, 2615-17 (1993) (no absolute immunity for prosecutor's fabrication of false evidence during preliminary investigation of crime); accord *Burns v. Reed*, 111 S.Ct. 1934, 1944-45 (1991) (no absolute immunity for prosecutor's legal advice to police regarding method of interrogation and existence of probable cause to arrest suspect).

Plaintiff alleges that AUSA Frayn has failed to turn over exculpatory evidence and failed to show the grand jury any *Brady* or exculpatory evidence. Docket No.1-1, at 5. It is readily apparent that Plaintiff's claims arise out of AUSA Frayn's initiation of a prosecution and are associated with the judicial phase of the criminal process. As such, AUSA Frayn is immune from suit under § 1983 for her actions in prosecuting Plaintiff.

D.      Count III

In Count III, Plaintiff attempts to state a claim under 42 U.S.C. § 1983, challenging whether he received effective assistance of counsel. *See* Docket No. 1-1, at 6. It is well settled that court-appointed defense counsel are not acting under color of law for § 1983 purposes. *See, e.g., Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that a federal public defender does not act under the color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional role of an attorney). Therefore, because Plaintiff's court-appointed attorney was not acting under color of state law, Plaintiff cannot state a claim against her under 42 U.S.C. § 1983.

4

**II.    CONCLUSION**

Based on the foregoing and good cause appearing, therefore,

**IT IS ORDERED** that:

1.    The Clerk of the Court shall file the Complaint.

5.    The Complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **September 4, 2015**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: August 4, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE